UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IDZUMI S. STEWART,

                Plaintiff,

  - against -

ACS-KINGS COUNTY, DIVISION 2 BROOKLYN
NY; LASHELLE RILEY; NAKIA WILLIAMS; MRS.
EL SAIEH; and RICHARD SHARPE, LITTLE
FLOWER CHILDREN & FAMILY SERVICES OF
NEW YORK,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-1798 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Idzumi S. Stewart brings this 42. U.S.C. § 1983 action seeking damages for the loss of custody of her daughter. (Compl. (Doc. No. 1).) On July 9, 2018, and January 23, 2019, defendants moved to dismiss the complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5). (Mot. to Dismiss (Doc. No. 7); Joint Mot. to Dismiss (Doc. No. 12).) On January 24, 2019, the Honorable Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R"), conditionally recommending that this action be dismissed for failure to prosecute unless Stewart submitted a letter by February 7, 2019, explaining her failure to accomplish service or respond to defendants' motion to dismiss. On February 1, 2019, Stewart submitted a letter to the Court. (2/1/19 Letter (Doc. No. 14).)

For the reasons set forth below, the Court finds that while Stewart's letter satisfied the condition required by Judge Gold, it did not show good cause for her failure to accomplish service. Nevertheless, because the Court concludes Stewart is entitled to a discretionary enlargement of the period for service, the motion to dismiss is denied.

## BACKGROUND

Stewart filed her complaint on March 23, 2018, and the Clerk of Court issued summonses that same day. (Compl.; Summonses (Doc. No. 2).) Although the precise chronology and content of Stewart's allegations are difficult to decipher, the gravamen of her complaint is that, between 2014 and 2017, defendants, including New York City's Administration for Children's Services ("ACS"), deprived her of custody of her daughter without due process. (Compl. at 1–2.) Several days later, Magistrate Judge Gold entered an order reminding Stewart that, pursuant to Rule 4(m), she had until June 21, 2018, to effect service or show good cause why she could not. He warned that if she failed to do either, he would recommend dismissal of this action. (4/3/2018 Order (Doc. No. 4).)

On April 27, 2018, Stewart filed an amended complaint which dropped claims against defendants Lashelle Riley and Nakia Williams, added a claim against Little Flower Children and Family Services of New York ("Little Flower"), and otherwise mirrored the original complaint. (Am. Compl. (Doc. No. 5).) On May 9, 2018, Stewart returned the summonses unexecuted. (Returned Summonses (Doc. No. 6).) On the attached proofs of service, the server, Eyda Stewart, noted that Sharpe and Little Flower had "refused" service, and that ACS and El Saieh were "no longer the[re]." (*Id.* at 4, 6, 8, 10.) Stewart took no other action before the June 21 deadline.

On July 9, 2018, ACS, El Saieh, Riley, and Williams appeared and moved to dismiss the complaint pursuant to Rule 12(b)(5) for failure to effect service of process on any of the defendants within the 90-day period prescribed by Rule 4(m). (Mot. to Dismiss.) Two days later, on July 11, this Court ordered Stewart to respond to the defendants' motion by August 15,

explaining why she "did not properly serve defendants in accordance with Federal Rule of Civil Procedure 4(m)." (7/11/18 Order.) Stewart did not respond or take any other action.

On October 31, 2018, Sharpe and Little Flower appeared and answered the complaint, (Answer (Doc. No. 8)), and on November 5, they amended their answer as a matter of course, (Am. Answer (Doc. No. 10)). In both answers, they raised insufficient service of process as a defense. (Answer at 5; Am. Answer at 5.) On November 13, however, Sharpe and Little Flower changed tack, and they wrote a letter stating their intention to join in the motion to dismiss filed by the other defendants. (11/13/2018 Letter (Doc. No. 11).) On January 23, 2019, all defendants wrote jointly to renew the motion to dismiss, arguing only that Stewart had made ineffective service of process. (Joint Mot. to Dismiss (Doc. No. 12.).)

One day later, on January 24, 2019, Magistrate Judge Gold issued a R&R conditionally recommending dismissal. In it, he noted Stewart's failure to effect service and continued non-responsiveness. He then recommended that the action be dismissed for failure to prosecute "unless plaintiff submits a letter explaining her failure to accomplish service or respond to defendants' motion within the time for filing objections" – *i.e.*, by February 7, 2019. (R&R at 1–2.)

On February 1, Stewart submitted an unsworn letter that elaborated on the proofs of service she had previously filed. (2/1/19 Letter.) With respect to Sharpe and Little Flower, she explained that she and her mother tried to personally serve them back in April of 2018, just after she filed her complaint, but that Sharpe "refuse[d] to accept the summon[s]." (*Id.* at 1.) As for ACS, she stated that she went to their office at 185 Marcy Avenue in Brooklyn, but that the "A.C.S. worker no longer work[ed] there." (*Id.*) She did not claim to have made any subsequent attempts at service. Instead, she reports that she said her service issues to an individual in "the

3

clerk offices" – presumably the Clerk of Court of the Eastern District of New York – who informed her that he could not advise her on how to make service. (*Id.*)

## DISCUSSION

### I. The R&R

Magistrate Judge Gold's well-reasoned recommendation of dismissal for failure to prosecute was conditioned upon Stewart not timely submitting a letter explaining her failure to effect service. (R&R at 1–2.) Stewart subsequently submitted such a letter. Even though, for the reasons explained next, the Court concludes that the explanations in letter do not establish good cause, they are sufficient to satisfy the R&R's condition.

### II. The Motion to Dismiss

In their motion to dismiss, defendants argue that Stewart failed to timely effect service and that she cannot show good cause for this failure. (Mot. to Dismiss at 2; Joint Mot. to Dismiss at 2.) The Court agrees, however, given that the balance of the hardships between the parties favors Stewart, the Court will exercise its discretion to enlarge the period for service in the absence of good cause.

**A. Good Cause**

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service" within the time period established by Rule 4(m). *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (citation omitted). Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "[I]f the plaintiff shows good

4

cause for the failure," however, "the court must extend the time for service for an appropriate period." *Id.*

In general, good cause means at least "some colorable excuse" for the failure. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597–98 (E.D.N.Y. 2013) (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)). "[A] plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016).

Although "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), *pro se* plaintiffs seeking to extend the time for service are not excused from Rule 4(m)'s good cause requirement. *See, e.g.*, *Jordan*, 928 F. Supp. 2d at 598 (noting that a plaintiff's *pro se* status alone "is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)" (citation omitted)); *Terry v. Vill. of Ossining*, No. 12-CV-5855 (ER), 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013) (collecting cases). As with all other plaintiffs, a *pro se* plaintiff's "ignorance of the law . . . does not constitute good cause . . . ." *Cakir v. Chase Manhattan Bank*, No. 07-CV-2871 (JS) (WDW), 2008 WL 11450641, at *4 (E.D.N.Y. Mar. 19, 2008) (citations omitted); *see also Cassano*, 186 F. Supp. 3d at 322 ("[I]gnorance or confusion, even in the case of a *pro se* plaintiff, do not constitute good cause." (citation omitted)).

Here, it is undisputed that Stewart did not serve any of the defendants within the 90-day period for service, leaving only the question of whether she has shown good cause for extending that period. Stewart's sole argument for finding good cause is set forth in her February 1, 2019, letter, in which she reports that Sharpe "refuse[d] to accept the summon[s]" and that the "A.C.S. worker no longer work[ed]" at the 185 Marcy Avenue address. (2/1/19 Letter at 1.) Even accepting these representations as true, they do not show good cause.

With respect to ACS and El Saieh, Stewart's letter and the returned summonses suggest two possible causes for her failure to effect service. First, Stewart may simply have appeared at the wrong address. If this was the case, it was well within Stewart's control to at least attempt to locate an alternate address, but there is no evidence she did this. Failing a single attempt at service due to a bad address and thereafter abandoning the project is not sufficient to show good cause. *See Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007) (declining to find good cause where *pro se* plaintiffs provided the U.S. Marshals with an incorrect address and subsequently waited nearly three months before providing an alternate address). Second, Stewart and her mother may have appeared at the correct address for ACS but have been under the mistaken impression that they had to serve El Saieh in order to sue ACS; when they were informed that El Saieh no longer worked there, they left without serving either party. This possibility is supported by the fact that Stewart's explanation for her failure to serve ACS is confined to the statement that she and her mother were unable to locate the "worker" at the Marcy Avenue address, and by the fact that that ACS appears to still maintain its Marcy Avenue office. (2/1/19 Letter at 1.)[1] To the extent Stewart's confusion caused her failure of service, it,

---

[1] *Contact ACS: Borough Locations*, N.Y.C. ADMIN. FOR CHILDREN'S SERVS., https://www1.nyc.gov/site/acs/child-welfare/find-acs-office.page (last visited Feb. 19, 2019).

too, does not amount to good cause. *See Cassano*, 186 F. Supp. 3d at 322; *Cakir*, 2008 WL 11450641, at *4.

With respect to Little Flower and Sharpe, Stewart's letter raises the possibility Sharpe acted evasively, which can support a finding of good cause. *See, e.g.*, *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 15 (E.D.N.Y. 2016) (citations omitted) (collecting cases) (explaining that, when a plaintiff makes diligent attempts at service but is foiled by an "evasive or uncooperative" defendant, "[c]ourts within this circuit generally have found good cause"), *aff'd sub nom. Corrado v. N.Y. State Unified Court Sys.*, 698 F. App'x 36 (2d Cir. 2017). The letter does not, however, meet her burden of showing that this evasion prevented service. *See* Fed. R. Civ. P. 4(m) (requiring "the *plaintiff*" to show good cause (emphasis added)); *Dickerson*, 604 F.3d at 752 ("[T]he plaintiff bears the burden of proving adequate service."). All the letter says is that, in April 2018, Sharpe "refuse[d] to accept the summon[s]." (2/1/19 Letter at 1.) It does not indicate whether Sharpe knew that he and Little Flower were being served or otherwise had any sense of why Stewart and her mother approached him. Without some allegation that Sharpe knew what he was refusing, the Court cannot infer that he intentionally evaded service or that any such evasion, rather than Stewart's confusion, caused the failure in service. *Cf. Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982 (JPO), 2015 WL 4877298, at *3 (S.D.N.Y. Aug. 14, 2015) (finding no good cause where the defendant purportedly instructed a relative to lie to the process server about his location, but where the plaintiff nevertheless had the correct address and made one failed attempt at service there). Accordingly, Stewart cannot show good cause for her failure to accomplish service.

## B. Discretionary Enlargement of the Period for Service

"A district court also 'has discretion to enlarge the [90]-day period for service, even in the absence of good cause.'" *Frederick v. City of New York*, No. 13-CV-897 (MKB), 2016 WL 8711395, at *6–8 (E.D.N.Y. Mar. 25, 2016) (quoting *Frankenberger v. Firth Rixson, Inc.*, 565 F. App'x 37, 38 (2d Cir. 2014)); *see also Zapata*, 502 F.3d at 196. In determining whether a discretionary extension is appropriate in the absence of good cause, courts in this Circuit generally consider the equities between the parties. *See, e.g.*, *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order); *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013). Factors relevant to this analysis include "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher*, 916 F. Supp. 2d at 420 (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).

Here, the first two factors, along with Stewart's *pro se* status, support extending the time for service. First, Stewart's amended complaint alleges § 1983 claims based on events that occurred between 2014 and 2017. Given the three-year statute of limitations on § 1983 claims in New York, dismissing Stewart's complaint now would effectively bar her from alleging claims based on events that occurred before April 2016. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) ("Claims under § 1983 are governed by a three-year statute of limitations in New York.").

Second, ACS and El Saieh had notice of the claims since at least July 9, 2018, when they appeared and moved to dismiss for the first time, (*see* Mot. to Dismiss), and Sharpe and Little

Flower had notice since at least October 31, 2018, when they answered the complaint, (s*ee* Answer). *Cf. Vaher*, 916 F. Supp. 2d at 421 (assuming, "the second factor favors Plaintiff" because "defense counsel filed a Notice of Appearance on behalf of all Defendants and has engaged in motion practice on their behalf"); *Schweitzer ex rel. Schweitzer v. Crofton*, No. 08-CV-135 (DRH) (ETB), 2010 WL 3516161, at *10 (E.D.N.Y. Sept. 1, 2010) (presuming that the county-employee defendant had actual notice of claims where the county attorney had filed a notice of appearance on his behalf). To the extent one or both sets of defendants intentionally refused Stewart's attempts at service in April 2018, they could have received notice much earlier.

Turning to the third and fourth factors, although they do not weigh in Stewart's favor, they also do not offer a compelling reason why the period for service should not be enlarged. The application of the third factor differs slightly by defendant. ACS and El Saieh have made no attempt to conceal the defect in service. The first and only position they have taken since entering the case was that Stewart's complaint should be dismissed for insufficient service of process pursuant to Rule 12(b)(5). (*See* Mot. to Dismiss; Joint Mot. to Dismiss.) Sharpe and Little Flower's motivations are less clear, but they, too, appear to have been forthcoming. Although they initially filed an answer and amended answer on October 31 and November 5 of 2018, respectively, within another two weeks they filed a letter announcing their intention to join the motion to dismiss. (*See* 11/13/2018 Letter).

Finally, with respect to the fourth factor, although extending the period for service beyond the limitations period for some of the § 1983 claims prejudices the defendants by virtue of allowing the case to continue, *see Zapata*, 502 F.3d at 198–99 (observing that, although the limitations period may be tolled to allow for service, "prejudice does not toll"), such prejudice is lessened by the defendants' "actual notice of the plaintiff's claims." *Vaher*, 916 F. Supp. 2d at

9

421. There was only a brief delay, if any, between the end of the original service period on June 21, 2018,[2] and the defendants becoming aware of this case. As discussed just above, ACS and El Saieh had notice of Stewart's claims at least as early as July 9, 2018, and Sharpe and Little Flower had notice at least as early as October 31, 2018. Moreover, whatever delay there was, no defendant has claimed to have suffered prejudice as a result. *See DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 67 (S.D.N.Y. 2010) (granting a discretionary extension when the defendant had notice and "d[id] not claim to have been prejudiced by [the plaintiff's] delay in effecting valid service").

In the federal system, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). In this case, at most, Stewart's failure to effect service resulted in a several-week delay in service for some defendants and a several-month delay for others. None of the defendants has argued that they thereby lost an opportunity to answer the complaint and, indeed, two of them did answer it. On the other side of the ledger, there is a *pro se* plaintiff who, due to her own confusion and – potentially – one or more defendants' conscious unwillingness to accept service, is at risk of losing many or most of her claims if the case is dismissed. These circumstances warrant that the period for service be enlarged. *See Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 145 (S.D.N.Y. 2016) (discretionarily enlarging time for service because two of the four factors, "coupled with Plaintiff's *pro se* status, weigh strongly in favor of an extension"); *Jordan*, 928 F.Supp.2d at 599 (allowing *pro se* plaintiff an extension to serve the

---

[2] The period Stewart had to serve Little Flower actually extended later because it began later. Stewart added Little Flower as a defendant in her amended complaint, which she filed on April 27, 2018. (*See* Am. Compl.) Thus, she had until July 26, 2018, to accomplish service on Little Flower.

10

defendants in part because the defendants had actual notice "and in fact filed the instant motions to dismiss based on those pleadings"). Given that all defendants were served with a copy of the amended complaint through ECF by October 31, 2018, at the latest, *see* Fed. R. Civ. P. 5(b)(E), the period for service is extended through this date.

## CONCLUSION

For the reasons set forth herein, the Court finds that Stewart has satisfied the condition required by Magistrate Judge Gold in his R&R (Doc. No. 13) requiring Stewart to show cause concerning her efforts to properly serve defendants. While those efforts were not sufficient to actually accomplish service, the Court finds that Stewart is entitled to a discretionary enlargement of the period for service. As such, defendants' motion to dismiss (Docs. No. 7, 12) is denied.

This case is recommitted to Judge Gold to address how and when defendants, all of whom have appeared for the purpose of contesting service, will accept service of process, and for all pretrial proceedings as appropriate. To the extent that new summonses are required, the Clerk of Court shall issue them. Defendants' time to Answer is extended until further order of the court.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Stewart, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       March 23, 2019

*Roslynn R. Mauskopf*

———————————————
ROSLYNN R. MAUSKOPF
United States District Judge